IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

Mr. Sergey Kushnir,
      *Petitioner*,

   v.

JOSEPH FREDEN,
   in his official capacity as Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;

STEVEN KURZDORFER,
   In his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement;

TODD LYONS,
   In his official capacity as Acting Director, U.S. Immigration and Customs Enforcement,

KRISTI NOEM,
   In her official capacity as Secretary of Homeland Security,

      *Respondent.*

Civil Action No. 25-cv-589

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS AND INCORPORATED MEMORANDUM OF LAW**

*Oral Argument Requested*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

THE PARTIES ........................................................................................................................... 3

CUSTODY .................................................................................................................................. 3

JURISDICTION & VENUE ...................................................................................................... 4

    I.    SUBJECT MATTER JURISDICTION ................................................................. 4

    II.    PERSONAL JURISDICTION ................................................................................ 4

    III.    VENUE ...................................................................................................................... 4

ARGUMENT .............................................................................................................................. 5

    I.    THE PETITIONER MUST BE RELEASED UNLESS THE GOVERNMENT PROVES IT HAS THE LAWFUL AUTHORITY TO DETAIN HIM ............................................ 5

    II.    THE PETITIONER MAY NOT BE REMOVED FROM THE UNITED STATES UNLESS AND UNTIL THE GOVERNMENT PROVES IT HAS THE LAWFUL RIGHT TO DO SO ........................................................................................ 6

    III.    THE RESPONDENTS MUST BE PREVENTED FROM REMOVING MR. KUSHNIR OUT OF TBAHDATHIS JUDICIAL DISTRICT DURING THE PENDENCY OF THESE PROCEEDINGS ........................................................................................ 6

CLAIMS FOR RELIEF ............................................................................................................. 7

COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. KUSHNIR FROM THE UNITED STATES WHEN IT HAS NO LEGAL AUTHORITY TO DO SO .......................................................... 7

COUNT 2: MR. KUSHNIR'S CURRENT DETENTION IS IN VIOLATION OF THE REGULATIONS, CONTRAVENES THE STATUTORY BASIS FOR POST-ORDER DETENTION AND VIOLATES PROCEDURAL AND DUE PROCESS PROTECTIONS . 7

PRAYER FOR RELIEF ............................................................................................................ 8

VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242 ................................................................................................................... 9

## PRELIMINARY STATEMENT

1. Mr. Sergey Kushnir ("Mr. Kushnir") is a Ukrainian citizen who is currently being held in the custody of Immigration and Customs Enforcement ("ICE"). Mr. Kushnir was born on October 14, 1986 in Rivne, Ukraine. He came to the U.S. at the age of seven as a refugee with his family, who faced religious persecution in Ukraine. After pleading guilty to a crime, Mr. Kushnir was deported in 2019 to Ukraine, where he was forcibly conscripted into the military and placed on the front lines digging trenches. In 2023, he came back to the U.S. border via Mexico, approached a port of entry, and asked for Temporary Protected Status (TPS). He was released from ICE custody after several weeks of detention, on a bond in the amount of $7,500.00. As an evangelical Christian, he faces persecution in Ukraine.

2. Mr. Kushnir has complied with his Order of Supervision, checking in with ICE periodically since his 2023 release from custody.

3. On or about Sunday, June 29, 2025, Mr. Kushnir - who was at his liberty and upon information and belief in full compliance with the terms of his Order Of Supervision - was approached by and apprehended by ICE officers. He was detained without warning or process and ultimately taken to the Buffalo Federal Detention Facility, where he is being held by ICE.

4. ICE has recently taken steps to deport foreign nationals to third countries. There are potentially **four** separate unlawful and/or unconstitutional acts by the government. First, no reasons have been provided for revocation of Mr. Kushnir's order of supervision and counsel are aware of none justifying it - rendering such a decision potentially unlawful. *See, e.g.* 8 C.F.R. § 241.4(4), 241.13 (setting out regulatory, required procedures for revocation of release) and *Ceesay v. Kurzdorfer*, No. 25-CV-267-LJV, 2025 WL 1284720 (W.D.N.Y. May 2, 2025) (finding no-notice revocation of release unlawful). Second, Mr. Kushnir has not been provided

any notification regarding potential third countries to which immigration authorities may attempt to remove him, have not provided him a mechanism to voice any fear of being removed to such a country, nor any timeline upon which he could be removed. Mr. Kushnir's removal to a third country in these circumstances was subject to a preliminary injunction [1] which has now been stayed by the Supreme Court.[2] But until and unless the government makes its intentions clear, the government is preventing him from ascertaining whether he has a claim separate and apart from the stayed-*D.V.D.* class. <u>Fourth</u>, upon information and belief, the Department of Homeland Security does not have any reasonably foreseeable way of removing Mr. Kushnir to Ukraine: the country is in the midst of a brutal war, and there are no flights to Ukraine at this time. Likewise, upon information and belief, Mr. Kushnir poses no danger to the community. In other words, his detention at this time – after having posted a $7,500 bond and complying with his order of supervision - is not related to any lawful detention authority.

5. Until and unless the government is made to provide clarity to its detention authority and intentions regarding Mr. Kushnir, he is prevented from stating with particularity the basis of his challenges to both his current detention and any attempts to remove him. But those answers are exclusively within the government's control and as such, he urgently invokes his ancient right for a writ of habeas corpus: to be brought before the Court and have this Court determine whether he is rightfully in confinement or not.

6. Additionally, should Mr. Kushnir be either moved out of the district or worse, out of the country pursuant to what he properly alleges is an *ultra vires* act (i.e. not based on any

---

[1] *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1142968 (D. Mass. Apr. 18, 2025), opinion clarified, No. CV 25-10676-BEM, 2025 WL 1323697 (D. Mass. May 7, 2025), and opinion clarified, No. CV 25-10676-BEM, 2025 WL 1453640 (D. Mass. May 21, 2025), reconsideration denied sub nom. *D.V.D v. U.S. Dep't of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1495517 (D. Mass. May 26, 2025)

[2] *Dep't of Homeland Sec. v. D.V.D.*, No. 24A1153, 2025 WL 1732103 (U.S. June 23, 2025)

facially valid order of removal) he will not be able to vindicate his rights retroactively. For that reason, he implores the court to temporarily restrain his movement out of the Western District of New York until the Court has an opportunity for full briefing.

## THE PARTIES

7. Petitioner Mr. Sergey Kushnir, is detained in the custody of ICE. As of the filing of this petition, on July 7, 2025, he is being held at the Buffalo Federal Detention Facility in Batavia, NY. See *Exhibit A, Print-out of ICE Detainee Locator*. His custody and governmental actions related to his removal are likewise controlled by the Buffalo Field office, which is located within this judicial district.

8. Respondent Joseph Freden is the Buffalo, NY Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement. He is the local ICE official who has authority over the Petitioner. *See Vasquez v. Reno*, 233 F,3d 688, 690 (lst Cir. 2000), cert. denied, 122 S. Ct. 43 (2001). Respondent Freden's office is at 250 Delaware Avenue, Floor 7, Buffalo, NY 14202 and/or at the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, NY 14020.

9. Petitioner's custody within this judicial district and the governmental actions related to his potential removal from the district are likewise controlled by Respondents Kurzdorfer, Lyons and Noem.

## CUSTODY

10. Petitioner is in the physical custody of Respondents and U.S. Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility. The Deportation Officer responsible for his case is stationed at the Buffalo Federal Detention Facility ("BFDF"). The Petitioner is under the direct care, custody and control of Respondents and their agents.

**JURISDICTION & VENUE**

I. <u>SUBJECT MATTER JURISDICTION</u>

11. This action arises under the Constitution of the United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.

12. This Court has jurisdiction under 28 U.S.C, § 2241, Art. I, § 9, el. 2 of the Constitution of the United States (the Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, the All Writs Act, 28 U.S.C. § 1651 and the Court's equitable habeas authority.

II. <u>PERSONAL JURISDICTION</u>

13. This Court has personal jurisdiction over Mr. Kushnir's immediate custodian (who is physically within the district).[3]

III. <u>VENUE</u>

14. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S.484, 493-500 (1973), venue lies in the United States District Court for the Western District of New York, the judicial district in which Petitioner is being detained. Petitioner is being detained at the BFDF, and his detention falls under the jurisdiction of the ICE Field Office of Buffalo, New

---

[3] Petitioner asserts this Court has personal jurisdiction over the additional Respondents, however, in the interests of brevity, the Petitioner will brief this if (1) any governmental acts challenged herein are found to relate to those Respondents (instead of the immediate custodian) and (2) the Government seeks to argue against personal jurisdiction.

York, which encompasses the area where Petitioner is being detained, pursuant to 28 U.S.C. § 1391.

## ARGUMENT

### I. THE PETITIONER MUST BE RELEASED UNLESS THE GOVERNMENT PROVES IT HAS THE LAWFUL AUTHORITY TO DETAIN HIM

15. The information provided by DHS thus far *suggests* that its re-arrest and continuing detention of Mr. Kushnir violate its own regulations (namely 8 C.F.R. § 241.4 and 241.13). Specifically, (1) Mr. Kushnir does not appear to have violated any of the conditions of his Order of Supervision, which was revoked without notice or reason given (2) there is no reason to believe that Mr. Kushnir, a Ukrainian refugee, "can be removed in the foreseeable future" and (3) there is no other compelling reason for the government to re-arrest and redetain him. As such, Mr. Kushnir anticipates being able to state with particularity why his current detention is unlawful - and correspondingly a violation of procedural and substantive due process.

16. But because the rationale underpinning the government's actions is exclusively within the control of the respondents - and they have not stated the justification for his arrest and detention - the Petitioner must, for now, rely upon the ancient form of the writ; to have this Court (1) ascertain the legal justification for his detention and (2) determine whether it is lawful. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.") (internal citations omitted).

17. This is true whether under this Court's statutory jurisdiction under 28 U.S.C. § 2241, **_or_** the Suspension Clause of the Constitution (should any statutory provision purport to strip jurisdiction). U.S. CONST. Art. I, § 9, cl. 2.

18. DHS must be forced to describe with particularity why it believes it has the legal right to detain the Petitioner. If it does not, this Court must issue the writ to release him forthwith.

II. **THE PETITIONER MAY NOT BE REMOVED FROM THE UNITED STATES UNLESS AND UNTIL THE GOVERNMENT PROVES IT HAS THE LAWFUL RIGHT TO DO SO**

19. Once again, the Petitioner has a right to the ancient form of the writ; to have this Court ascertain whether the Government's actions in attempting to remove him - either pursuant to the 1996 *in absentia* order of deportation (*which it was unable to execute, upon information and belief, because Petitioner is stateless*) or to "another country of choice" (*without even a semblance of due process and contrary to the statute and regulations regarding designations of third countries for removal*) - are lawful.

20. If the Government believes it has the right to remove Mr. Kushnir, it must state why and he will be able to respond accordingly. If it does not, it must release him as his detention has become divorced from the only possible detention authority the Government possesses over Mr. Kushnir.

III. **THE RESPONDENTS MUST BE PREVENTED FROM REMOVING MR. KUSHNIR OUT OF THIS JUDICIAL DISTRICT DURING THE PENDENCY OF THESE PROCEEDINGS**

21. Mr. Kushnir has retained legal counsel, whose office is located in this district. In person consultation with counsel is extremely important. Mr. Kushnir's participation in these proceedings would thus become difficult - and potentially impossible – if he were transferred out of the jurisdiction prior this Court resolving this petition, *even if* the Court retains jurisdiction no matter where the Respondents may seek to transfer him.

## CLAIMS FOR RELIEF

### COUNT 1: PETITION FOR WRIT OF HABEAS CORPUS TO PREVENT THE GOVERNMENT FROM REMOVING MR. KUSHNIR FROM THE UNITED STATES WHEN IT HAS NO LEGAL AUTHORITY TO DO SO

22. Mr. Kushnir re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

23. Mr. Kushnir may not be removed to any country at this time: although he is subject to an order of deportation, deportation to Ukraine is impossible at this time due to the ongoing war, and further, he has received neither notification, nor opportunity to state a claim for fear of relief to any third country. The Government must be prevented from unlawfully detaining and removing him. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

### COUNT 2: MR. KUSHNIR'S CURRENT DETENTION IS IN VIOLATION OF THE REGULATIONS, CONTRAVENES THE STATUTORY BASIS FOR POST-ORDER DETENTION AND VIOLATES PROCEDURAL AND DUE PROCESS PROTECTIONS

24. Mr. Kushnir re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein, and does so for all additional counts.

25. Since his Order of Supervision was granted, in 2023, (1) there has been no change of circumstances (2) Mr. Kushnir does not appear to have violated any of the conditions of his Order of Supervision, which was revoked without notice or reason given (3) there is no reason to believe that Mr. Kushnir "can be removed in the foreseeable future" and (4) there is no other compelling reason for the government to re-arrest and redetain him. His detention is unlawful

and violates his procedural and substantive due process rights. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 117(2020) ("Habeas, […] is the appropriate remedy to ascertain ... whether any person is rightfully in confinement or not.")(internal citations omitted).

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that the Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Prevent the Petitioner's removal outside of this judicial district until this action is decided;

(3) Issue a temporary stay of Petitioner's removal until this action is decided;

(4) Grant the Writ of Habeas Corpus and;

(5) Fashion such additional relief as is necessary and appropriate, including declaratory relief or other interim relief necessary to vindicate Petitioners' rights under U.S. and international law.

Dated:  July 7, 2025                                  /s/ Matthew K. Borowski

_____
Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road,
Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

# VERIFICATION BY SOMEONE ACTING ON PETITIONER'S BEHALF PURSUANT TO 28 U.S.C. § 2242

I am submitting this verification on behalf of the Petitioner because I am one of the Petitioner's attorneys. I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: July 7, 2025

/s/ Matthew K. Borowski
_____
Matthew K. Borowski
*Attorney for Petitioner*
4343 Union Road,
Buffalo NY 14225
E-mail: matthew@borowskilaw.com
Tel: 716-330-1503

🇺🇸 Official Website of the Department of Homeland Security


U.S. Immigration and Customs Enforcement

Report Crimes: E

☰ Main Menu

## Search Results: 1

**SERGEY V KUSHNIR**
**Country of Birth :** Ukraine
**A-Number:** 071297170
**Status :** In ICE Custody
**State:** NY
**Current Detention Facility**: BUFFALO FEDERAL DETENTION FACILITY

*\* Click on the Detention Facility name to obtain facility contact information*

BACK TO SEARCH >

### Related Information

### Helpful Info

Status of a Case

About the Detainee Locator

Brochure

ICE ERO Field Offices

ICE Detention Facilities

Privacy Notice

### External Links

Bureau of Prisons Inmate Locator

Case 1:25-cv-00889-MAV Document 41 Filed 07/10/25 Page 13 of 25
Case 1:25-cv-00889-MAV Document 41 Filed 07/10/25 Page 13 of 25



| DHS.gov | USA.gov | OIG | OpenFOIA | Metrics | No Fear Act | Site Map | Site Policies & Plug-Ins |
|---|---|---|---|---|---|---|---|

✎JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sergey Kushnir

## DEFENDANTS
JOSEPH FREDEN, STEVEN KURZDORFER, TODD LYONS, KRISTI NOEM

**(b)** County of Residence of First Listed Plaintiff: **GENESEE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew K. Borowski, Borowski Witmer Immigration Lawyers, 4343 Union Road, Buffalo, NY 14225

Attorneys (If Known)
USAO WDNY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | / ☐ 550 Civil Rights | ☒ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2241

Brief description of cause:
Habeas Corpus Petition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE 
DOCKET NUMBER 

DATE: 07/07/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Matthew Borowski

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.          Example:     U.S. Civil Statute: 47 USC 553
                                                                Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.